ZIMMERMAN, Justice
(concurring).
I join the majority opinion except for that portion which contains language suggesting that in order for the PSC to properly approve the issuance of a certificate of convenience and necessity under section 54-6-5 of the Code, it must affirmatively find the applicant financially fit. Slip op. at 3. This is the position taken before this Court by the Department of Business Regulation. The PSC, on the other hand, contends that under the statute, it is to issue a certificate unless it affirmatively finds the applicant un fit.
The relevant statutory language provides:
Before granting a certificate to a common motor carrier, the commission shall take into consideration the financial ability of the applicant to. properly perform the service sought under the certificate.... If the commission finds that the applicant is financially unable to properly perform the service sought under the certificate ... the commission shall not grant such certificate.
U.C.A., 1953, § 54-6-5 (1974 ed.) (emphasis added).
It seems clear to me that the PSC’s position is the correct one: the statute requires the Commission to take financial factors into account in deciding whether to issue a certificate, but it presumes that an applicant will be entitled to a certificate. The burden is on one seeking a denial of the application. In contrast, the Department argues for a presumption against granting a certificate and contends that the burden is on the applicant to show its fitness. I think the Department turns the statute on its head. The statutory policy is a sound one; unless a good reason is shown for withholding a certificate, one should issue. The language in the majority that can be read as indicating that we accept the Department’s position is unnecessary to the decision and can only confuse the matter.
DURHAM, J., concurs in the concurring opinion of ZIMMERMAN, J.